Aaron ISRAEL, Plaintiff–Appellant,

v.

Edward COHN, Defendant–Appellee.

No. 00–2105.

United States Court of Appeals,
Seventh Circuit.

Submitted March 22, 2001.*

Decided March 27, 2001.

---

* The appellee notified this court that he was
never served with process in the district court
and would not be participating in this appeal,
which has thus been submitted without a brief
from the appellee. After examining the ap-
pellant's brief and the record, we have con-
cluded that oral argument is unnecessary.
Accordingly, the appeal is submitted on the
appellant's brief and the record. *See* Fed.
R.App. P. 34(a)(2).

Before BAUER, WOOD, Jr., and POSNER, Circuit Judges.

## ORDER

Indiana inmate Aaron Israel sued the Director of the Indiana Department of Corrections under 42 U.S.C. § 1983 challenging its policy on the use of telephones by inmates. The district court dismissed his complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. We affirm.

According to the complaint, Indiana prison inmates who wish to make outgoing telephone calls must submit the names, addresses, and relationship of no more than twenty potential call recipients for pre-approval by the IDOC. The IDOC then contacts the persons on the list to verify that they indeed wish to receive calls from the inmate. Once an inmate's list is approved, the inmate can directly call the listed recipients. Israel claims that he attempted to call members of his family and his attorney, but the prison blocked his calls because he had not submitted a list for approval. He then brought this action against the Director of the IDOC, claiming that the prior approval requirement and numerical limitation restriction unconstitutionally restricts his freedom of speech and constitutes a cruel and unusual punishment. He requested declaratory, injunctive, and monetary relief. After granting Israel permission to proceed *in forma pauperis,* the district court dismissed his complaint, concluding that the telephone policy did not violate his constitutional rights.

■ Our review of the district court's dismissal for failure to state a claim under § 1915A(b)(1) is plenary, accepting all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff. *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000). A complaint can be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*

Israel asserts that the IDOC's telephone policy constitutes a prior restraint on his speech. He believes that the IDOC forwards phone lists submitted by prisoners to law enforcement authorities, and accordingly he feels deterred from placing "undesirables" on his list and speaking

freely on the telephone. Israel also contends that the policy is not reasonably related to any legitimate security, order, or rehabilitation interest that the IDOC may have and unconstitutionally restricts his access to the courts.

■■■■ Prisons may regulate inmate speech so long as the regulations are reasonably related to legitimate penological interests, such as crime deterrence, rehabilitation, and institutional security. *Thornburgh v. Abbott,* 490 U.S. 401, 413, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). In determining whether a prison speech regulation is reasonable, we ask whether a valid, rational connection exists between the regulation and a legitimate government interest behind the rule; whether there are alternative means of exercising the right in question; what impact accommodation of the asserted right would have on prison staff, other inmates, and the allocation of prison resources generally; and whether the regulation represents an exaggerated response to prison concerns. *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Regulations limiting telephone use by inmates, including restrictions similar to the one here, have been sustained routinely as reasonable. *See Pope v. Hightower,* 101 F.3d 1382, 1384–85 (11th Cir.1996) (pre-approved calling list of no more than 10 persons); *Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir.1994) (pre-approved calling list of no more than 30 persons); *Benzel v. Grammer,* 869 F.2d 1105, 1108 (8th Cir.1989) (pre-approved calling list of no more than three persons for inmates in disciplinary segregation); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir.1988) (inmates allowed to use telephone every other day); *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir.1986) (pretrial detainee's access to telephone subject to reasonable restrictions in the interest of

security); *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir.1982) (inmates have no right to unlimited telephone use). Moreover,

> [a]lthough the telephone can be used to convey communications that are protected by the First Amendment, that is not its primary use and it is extremely rare for inmates and their callers to use the telephone for this purpose. Not to allow them access to a telephone might be questionable on other grounds, but to suppose that it would infringe the First Amendment would be doctrinaire in the extreme.

*Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir.2001).

Although the *Turner* analysis generally requires that prison officials proffer some reason for their speech restrictions, *see Shimer v. Washington,* 100 F.3d 506, 509–10 (7th Cir.1996), the justification for the IDOC's policy is self-evident, *cf. id.* at 510 (remand necessary where justification not obvious). Pre-approved telephone lists prevent criminal activity and harassment of the public, judges, and jurors. *See Pope,* 101 F.3d at 1385; *Benzel,* 869 F.2d at 1109 n. 6; *see generally* Telephone Regulations and Inmate Financial Responsibility, 59 Fed. Reg. 15,812, 15,813–14 (Apr. 4, 1994) (noting how direct-dial inmate telephone systems prevent criminal activity and assist prison officials in maintaining order and security). Israel contends that these reasons are invalid because he has not committed such acts. But prison officials may adopt and execute prophylactic policies to maintain institutional order and security. *Whitley v. Albers,* 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

■■■■ What is more, if Israel wishes to avoid seeking pre-approval, he has alternative means of communicating with his family and his attorney. He may write to them, or he may receive them as visitors. Israel complains that letter-writing and

visitation are inefficient means of communication because his mail is censored and his family lives outside of Indiana and cannot readily visit him. These inconveniences, however, are some of the ordinary incidents of prison life, and, in any event, the Constitution does not require that prison officials choose the least restrictive alternative. *Thornburgh,* 490 U.S. at 411; *see also Arsberry,* 244 F.3d at 564–65 (high price of prison telephone calls that arguably curtail visiting by families who live far from prisons does not violate Fourteenth Amendment due process rights). Likewise, the IDOC's telephone policy does not unconstitutionally restrict Israel's access to the courts. Inmates have no right to any particular means of access to the courts, *Shango v. Jurich,* 965 F.2d 289, 293 (7th Cir.1992); *Aswegan v. Henry,* 981 F.2d 313, 314 (8th Cir.1992), and Israel has not identified any specific prejudice to contemplated litigation, *see Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).

▮ Finally, Israel objects to the district court's *sua sponte* dismissal of his complaint. He argues that he should have received notice that the court intended to screen his complaint so that he could submit additional evidence in support of his claims. He also asserts that the district court should not have dismissed his complaint after permitting him to proceed *in forma pauperis* without first issuing a summons directing the defendant to answer. Section 1915A is a mandatory screening process. 28 U.S.C. § 1915A;[1] *see also Crawford–El v. Britton,* 523 U.S. 574, 596–97, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (discussing procedural changes wrought by the Prison Litigation Reform

Act). By its terms, it is to be applied *sua sponte* and as early in the litigation as possible. It does not require service of a summons prior to dismissal. *Plunk v. Givens,* 234 F.3d 1128, 1129 (10th Cir. 2000); *Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999). Since Israel did not state a claim for relief, the district court properly screened and dismissed his complaint. Moreover, permission to proceed *in forma pauperis* does not alter the screening process. *In forma pauperis* status only permits a litigant to commence a lawsuit without prepaying the entire filing fee; it does not entitle litigants to proceed with meritless claims. *See Longbehn v. United States,* 169 F.3d 1082, 1083 (7th Cir.1999); 28 U.S.C. § 1915(e)(2)(B).

Accordingly, we AFFIRM the judgment of the district court.

▮

---

1. § 1915A. Screening

    (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity.