

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2009

# Jamalud-din Almahdi v. Thomas Ridge

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jamalud-din Almahdi v. Thomas Ridge" (2009). *2009 Decisions*. Paper 1866.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1866

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1572
_____

JAMALUD-DIN ALMAHDI,
                                        Appellant

v.

JOHN ASHCROFT; BUR PRISONS; DEPARTMENT OF HOMELAND SECURITY;
LYONS; TONY MALOCU; THOMAS RIDGE; GABE SCALA; THOMAS
SLODYSKO; S.A. YATES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 03-00432)
District Judge: William J. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges
(Opinion filed: February 13, 2009)

_____

OPINION
_____

PER CURIAM.

        Pro se appellant Jamalud-din Almahdi appeals from the District Court's

February 13, 2008 order granting the defendants' motion for summary judgment.  For the

1

foregoing reasons, we will affirm.

Almahdi, who was incarcerated at a federal prison when he commenced this lawsuit,[1] filed a civil rights complaint in the Middle District of Pennsylvania against several government officials and prison employees. The District Court granted the defendants' first motion for summary judgment on May 24, 2006. On appeal, we affirmed in part and vacated in part, remanding for the District Court to consider Almahdi's claim that certain restrictions on his telephone usage violated the First Amendment. See Almahdi v. Ridge, 201 F. App'x 865 (3d Cir. 2006). On remand, the defendants filed a second motion for summary judgment, which the District Court granted on February 14, 2008.

Almahdi claims that, on May 1, 2003, after he was released from administrative detention in an unrelated matter, defendant Lyons informed him that he was restricted to one telephone call per month. He filed a grievance regarding this restriction that was denied at all levels. The reason given for the restriction was that his "prior criminal conduct by use of a communication device warrants monitoring of your telephone privileges."[2] Then, on July 9th and on August 9th, prison warden Yates

---

[1] Almahdi was released on parole in March 2007.

[2] While Almahdi was incarcerated he incurred incident reports for telephone abuse in August 2001 and in February 2003. The February 2003 incident resulted in a ninety-day loss of telephone privileges, as authorized by a disciplinary hearing officer. After careful review of the record, we have concluded that Almahdi does not challenge the constitutionality of the ninety-day restriction.

2

approved restrictions that limited Almahdi's telephone usage to one call per month. The July and August restrictions arose from an investigation into potential telephone abuse.[3]

The District Court granted summary judgment in favor of defendant Lyons after finding that he was not involved in issuing or implementing any of the telephone restrictions, as is required for liability under 42 U.S.C. § 1983. The District Court then concluded that the telephone restrictions did not violate the First Amendment because Almahdi did not produce evidence that he was completely denied access to telephone calls or that the Bureau of Prisons ("BOP") curtailed other means of communication.

Almahdi timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Podobnik v. U.S. Postal Service, 409 F.3d 584, 589 (3d Cir. 2005).

As is relevant here, then controlling BOP Program Statement 5264.07

---

[3] We note that the majority of Almahdi's brief to this Court does not concern telephone restrictions or argue that the restrictions violate his First Amendment rights. Rather, he concentrates on whether the defendants violated prison procedures by placing him in administrative detention during times of heightened national security and in their implementation of the telephone restrictions. We already determined that listing Almahdi on the national watch list (which resulted in the administrative detention) did not violate his constitutional due process rights. We also found that a limitation on Almahdi's telephone privileges is not the type of atypical or extreme hardship that is required for a valid due process claim, and that Almahdi does not have a liberty interest in the prison procedures for restricting telephone access. Almahdi, 201 F. App'x at 869. We will not revisit these issues.

authorized the prison warden to restrict an inmate's telephone use to one telephone call per month as was necessary to ensure security or discipline, or to protect the public. See also 28 C.F.R. § 540.100(a). In addition, prisons are authorized to restrict telephone use as a disciplinary sanction, and during investigations. Id.; 28 C.F.R. § 541. The regulations also state that the "[w]arden shall permit an inmate who has not been restricted from telephone use as a result of a specific institutional disciplinary sanction to make at least one telephone call each month." 28 C.F.R. § 540.100(b). According to Almahdi, he was restricted to one telephone call per month from May 1, 2003 through at least August 2003.[4]

Almahdi asserts that restricting his telephone access in this manner violated his constitutional rights. The constitutional right at issue has been described as the right to communicate with people outside prison walls, and "a telephone provides a means of exercising this right." Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002). However, prisoners "ha[ve] no right to unlimited telephone use," and reasonable restrictions on telephone privileges do not violate their First Amendment rights. See, e.g., Washington v. Reno, 35 F.3d 1093, 1099-1100 (6th Cir. 1994). Rather, a prisoner's right

---

[4] After a careful review of the record, we do not agree with the District Court's conclusion that the May 1st restriction was merely the delayed implementation of the ninety-day prohibition on telephone usage that arose from Almahdi's February 2003 telephone infraction. This conclusion is not, however, material to our decision because Almahdi does not challenge the ninety-day restriction, and because, as explained above, the May 1st restriction did not violate Almahdi's First Amendment rights.

to telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986).

Thus, we must determine whether the telephone restriction violated Almahdi's right to communicate with people outside prison walls. Despite Almahdi's statement to the contrary, regulations limiting telephone use by inmates have been routinely sustained as reasonable. See, e.g., Pope v. Hightower, 101 F.3d 1382, 1384-85 (11th Cir. 1996). Moreover, in this case, the telephone restrictions were implemented because Almahdi was under investigation for telephone abuse, and he had already committed two telephone-related infractions. Under these facts, we cannot conclude that the restrictions were an unreasonable method of furthering the penological interests in maintaining security and discipline. Moreover, Almahdi makes no assertion—and there is no evidence—that he lacked alternative means of communicating with persons outside the prison. See Valdez, 302 F.3d at 1049. Accordingly, the telephone restrictions did not violate the First Amendment.

For the foregoing reasons, we will affirm the District Court's February 14, 2008 order granting summary judgment.