[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11423
Non-Argument Calendar

_____

D. C. Docket No. 06-14361-CV-DLG

GLENN C. SMITH,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS, Walter A. McNeil,
STEPHEN W. KEGERREIS,
individual capacity, et al.

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 21, 2009)

Before DUBINA, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Glenn C. Smith, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim for relief and the denial of his motion for relief from the judgment under Rule 60(b), Federal Rules of Civil Procedure. As to the complaint, Smith argues that the district court erred by (1) dismissing his retaliation claims, (2) dismissing his due process claims, and (3) finding that a prison rule requiring inmates to comply with all orders issued by the guards is constitutional. He also argues that the district court abused its discretion by denying his motion for relief from the judgment because his complaint stated a claim for relief.

## I.

First, Smith argues that the district court erred by dismissing his retaliation claims, in which he claimed that prison guards filed a retaliatory disciplinary report against him for exercising his First Amendment right to protest cold conditions in his cell by covering his air vent.

"A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed *de novo*, taking the allegations in the complaint as true." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

2

therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Section 1915A of the Prison Litigation Reform Act provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is to identify cognizable claims, or dismiss the complaint or portions thereof that are "frivolous, malicious, . . . fail [] to state a claim upon which relief may be granted, or seek [] monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798 (2007). A prisoner's "complaint must contain enough facts to state a claim of retaliation by prison officials that is plausible on its face." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation marks omitted).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). It is well established that a prisoner exercises his First

3

Amendment right when he complains about his conditions of confinement. *Id.* To state a retaliation claim, a plaintiff must allege that (1) his speech or act was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech, and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). To establish a claim for retaliation, the inmate must show a causal connection between his protected conduct and the prison official's action. *Farrow*, 320 F.3d at 1248-49.

Accepting the allegations of the complaint as true, prison officers issued Smith a disciplinary report because he refused to obey an order to uncover his air vent, which he had covered to block cold air from coming out of it. Thus, the allegations of the complaint establish that prison officials issued the report because he failed to comply with an order, not because he engaged in First Amendment expression. Accordingly, we conclude that the district court correctly found that there was no causal connection between any protected expression and the disciplinary report.

## II.

Next, Smith argues that the district court erred by dismissing his due process claims, in which he claimed that prison officials wrongfully subjected him to

4

disciplinary confinement in connection with the disciplinary report discussed above. Smith contends that he had a liberty interest in being free from disciplinary confinement.

The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. Amend. XIV. "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally-inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). This Court has recognized two situations in which a prisoner, who already has been deprived of liberty in the traditional sense, can further be deprived of his liberty, such that due process is required. *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999). First, a prisoner is entitled to due process when a change in his conditions of confinement "is so severe that it essentially exceeds the sentence imposed by the court." *Id.* at 1291. Second, due process is required "when the state has consistently bestowed a certain benefit to prisoners, . . . and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (internal quotation marks omitted). The Supreme Court has held that placement in disciplinary confinement for 30 days did not give rise to a protected liberty interest

where the punishment, "with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody." *Sandin v. Connor*, 515 U.S. 472, 475-76, 486, 115 S. Ct. 2293, 2296, 2301, 132 L. Ed. 2d 418 (1995).

Here, although Smith asserted a number of ways in which disciplinary confinement differed from being in the general prison population, he also conceded that the conditions in disciplinary confinement essentially were the same as the conditions in administrative confinement. Accordingly, we conclude that Smith did not have a liberty interest in being free from disciplinary confinement, and the district court correctly found that he failed to state a due process claim.

## III.

Smith also argues that the district court erred by finding that the rule requiring prison inmates to obey all orders issued by the guards is constitutional. He asserts that the rule wrongly requires inmates to comply with illegal orders.

"Unlike the strict standards of scrutiny applicable to the constitutional rights of persons in free society, the Supreme Court has adopted a deferential standard for determining whether a prison regulation violates an inmate's constitutional rights." *Hakim v. Hicks*, 223 F.3d 1244, 1247 (11th Cir. 2000). A prison regulation, even one that infringes on the inmate's constitutional rights, "is an actionable

constitutional violation only if the regulation is unreasonable." *Id.* In examining the reasonableness of a regulation, we consider the following factors:

> (1) whether there is a "valid, rational connection" between the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an "exaggerated response" to prison concerns.

*Hakim*, 223 F.3d at 1247-48 (quoting "*Pope v. Hightower*, 101 F.3d 1382, 1384 (11th Cir 1996)).

Here, (1) there is a valid, rational connection between the regulation and the necessity of maintaining safety and security in the prisons; (2) alternative means existed for Smith to express his First Amendment rights; (3) revising the rule to require prisoners to comply only with legal orders would create vagueness in the regulation and allow prisoners to challenge every order they believe to be illegal; and (4) the rule is not an exaggerated response to safety concerns. Accordingly, we conclude that the district court correctly dismissed Smith's constitutional challenge to the regulation.

**IV.**

Finally, Smith argues that the district court abused its discretion by denying his motion for relief from the judgment where his complaint stated valid retaliation

7

and due process claims.

Regardless of how the parties label the motion, the district court will treat a post-judgment motion as having been filed under Federal Rule of Civil Procedure 59 or 60, depending on the type of relief sought. *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1231 (11th Cir. 1984). We review the denial of either motion for an abuse of discretion. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (addressing Rule 60(b) motions), *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (addressing Rule 59(e) motions).

A Rule 59(e) motion under the Federal Rules of Civil Procedure seeks to alter or amend a judgment and must be filed no later than ten business days after the entry of judgment. Fed.R.Civ.P. 59(e); *see Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). In order for a Rule 59(e) motion to be granted, a party must identify "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks omitted). A Rule 59(e) motion cannot be used to relitigate matters that already have been considered. *Id.* Moreover, such a motion cannot be used to raise arguments or present evidence that could have been raised before the judgment was entered. *Id.*

A Rule 60(b) motion under the Federal Rules of Civil Procedure may

8

provide relief from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). Relief under Rule 60(b)(6) "is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice." *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987).

In his motion for relief from the judgment, Smith did not identify any newly-discovered evidence or manifest errors of law or fact. Moreover, he did not argue that he was entitled to relief under any of the specific justifications found in Rule 60(b). Accordingly, regardless of whether it fell under Rule 59(e) or Rule 60(b), we conclude that the district court did not abuse its discretion by denying the motion for relief from the judgment.

For the above-stated reasons, we affirm the judgment of dismissal.

**AFFIRMED.**