[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11733
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24260-FAM


JESSE LOOR,

                                                      Plaintiff-Appellant,

versus

JENNY BAILEY,
EDWIN CAMBRIDGE,
MARYDELL GUEVARA,
ENRIQUE RODRIGUEZ,
TRACEY WEATHERSPOON,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 14, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jesse Loor, a state prisoner proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 action for violations of the First and Fourteenth Amendments and Florida negligence law for failing to state a claim. On appeal, Loor argues that the district court erred by dismissing his complaint because the mailed materials that were denied to him were not obscene and were not in violation of copyright law. After a careful review of the record and the parties' briefs, we affirm.

## I.  Background

Loor's family mailed printed pages of a medical textbook to Loor, but they were rejected by the Metro West Detention Center because photocopies of printed books are not permitted due to copyright infringement law. Loor's family then sent three books to Loor, but they were impounded because they depicted sexual conduct deemed obscene. Loor sought to have the books placed with his property, but the clerk had already returned the books. Loor argues that the rejection of the materials was a violation of the First and Fourteenth Amendments. He argues that the materials were not in violation of copyright law because of the fair use doctrine, and that the rejection of the materials hindered his ability to become "a learned expert of child sex abuse." Loor also alleges that his due process rights

2

were violated when he was deprived of his property interest in the books and his liberty interest in educating himself on allegations of child sexual abuse.

## II.  Standard of Review

We review de novo a district court's sua sponte dismissal for failure to state a claim for relief under 28 U.S.C. § 1915A(b).  *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003).  To avoid dismissal for failure to state a claim, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  The complaint's factual allegations, though not its legal conclusions, must be accepted as true.  *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

## III.  Loor's First Amendment Claim

When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987).  Under *Turner*, we considers four factors to determine the reasonableness of a regulation: (1) whether a valid, rational connection exists between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether alternative means of exercising the right remains open to inmates; (3) the impact the accomodation of the asserted right will have on resources and other inmates and (4) whether a ready

3

alternative exists that fully accommodates prisoners' rights at de minimis cost to valid penological interests. *Id.* at 89–91. Where accommodation of an asserted right would have a significant "ripple effect" on fellow inmates or prison staff, courts should be particularly deferential to the informed discretion of corrections officials. *Pope v. Hightower*, 101 F.3d 1382, 1385 (11th Cir. 1996).

In *Thornburgh v. Abbot*, the Supreme Court examined a set of regulations prohibiting incoming publications to a prison that were detrimental to the security, good order, or discipline of the institution or might facilitate criminal activity. 490 U.S. 401, 416, 109 S. Ct. 1874, 1883 (1989). The Supreme Court noted, "Once in the prison, material of this kind reasonably may be expected to circulate among prisoners, with the concomitant potential for coordinated disruptive conduct." *Id.* at 412.

Here, the district court did not err by dismissing Loor's complaint, pursuant to 28 U.S.C. § 1915A. Loor failed to raise a First Amendment claim because the regulation prohibiting copyrighted material and obscene material was reasonable. There is a valid, rational connection between the regulation prohibiting obscene, explicit, or copyrighted materials and the government's interest in keeping such materials from the hands of pretrial detainees. *See Thornburgh*, 490 U.S. at 416. It is rational to exclude materials that "create an intolerable risk of disorder," and textbooks containing explicit imagery and nudity would be likely to circulate

4

among inmates. *Id.* at 417. Finally, as noted by the district court, requiring prison officials to verify copyright law compliance or redact books to omit obscene materials would be costly and no obvious means exist to give detainees access to obscene or copyrighted material at a de minimis cost.

## IV.  Loor's Fourteenth Amendment Claim

The Fourteenth Amendment protects against deprivation of a constitutionally protected interest in "life, liberty, or property" without the due process of law. *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (internal quotation marks omitted).

"Not every action by a state actor that results in a loss of liberty under the Due Process Clause gives rise to liability under § 1983." *Porter v. White*, 483 F.3d 1294, 1307 (11th Cir. 2007). "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Id.* (internal quotation marks omitted) (emphasis omitted). Additionally, "no procedural due process violation [occurs] if a meaningful postdeprivation remedy for the loss is available." *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (internal quotation marks omitted).

Loor failed to raise a procedural due process claim.  The clerk's mistaken return of the textbooks, in contravention to the facility's policy to keep the impounded materials at the facility for 30 days, does not amount to a § 1983 violation.  *See Porter*, 483 F.3d at 1307.  Loor had a post-deprivation remedy to challenge the loss of property under Florida law.  *See* Fla. Stat. § 768.28(1) (waiving sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property).  The existence of § 768.28 provides Loor with a meaningful, post-deprivation remedy to challenge the loss of property.  *See Case*, 55 F.3d at 1331.

**AFFIRMED.**