# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2011

Lyle W. Cayce
Clerk

No. 10-11036
Summary Calendar

LEVI WOODERTS, also known as Levi Wooderts, Jr.,

Petitioner - Appellant

v.

WARDEN REBECCA TAMEZ, FCI Fort Worth,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-479

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Levi Wooderts, federal prisoner # 29639-077, requests leave to proceed in forma pauperis (IFP) from the district court's denial of his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). The district court, which held that Wooderts had merely reasserted his contention that his sentencing credit was improper and had not established the extraordinary circumstances required to obtain relief under Rule 60(b)(6), certified that Wooderts' appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11036

By moving to proceed IFP, Wooderts is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In Wooderts' request to proceed IFP, he argues only that the Prison Litigation Reform Act's fee-payment requirements are inapplicable to habeas proceedings. This contention is correct. *See Garza v. Thaler*, 585 F.3d 888, 890 (5th Cir. 2009). However, when challenging a certification decision, "the motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202. Wooderts does not address the district court's certification decision in either his request to proceed IFP on appeal or the brief he filed addressing the merits of his claim regarding credit on his federal sentence.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Wooderts has not shown that his appeal is not frivolous and taken in good faith or that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202. Therefore, his IFP motion is DENIED, *id.*, and the appeal is DISMISSED. *See Howard v. King*, 707 F.2d, 215, 220-21 (noting that although a pro se litigant is entitled to due consideration of his arguments, that "does not mean that the court is obliged to tolerate abuse of its open door"); 5th Cir. R. 42.2. Wooderts' motion to remand also is DENIED.

Wooderts has previously sought relief from this court relating to his time-credit arguments. *See Wooderts v. Warden*, 204 F. App'x 390 (5th Cir. 2006) (unpublished); *Wooderts v. Tamez*, No. 09-10583 (5th Cir. Jan. 18, 2010) (unpublished). In light of Wooderts' repeated attempts to raise the same issues regarding time credit for his federal sentence, we caution him that frivolous,

No. 10-11036

repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.