**Steve OLIVARES, Plaintiff–Appellant,**

v.

**Charles D. MARSHALL, Warden, J. Hixon and D. Helsel, Defendants–Appellees.**

**James F. STEHOUWER, Plaintiff–Appellant,**

v.

**Michael HENNESSEY, Sheriff; Sergeant Nelson; Deputy Gee; Deputy Antram; Deputy Williams; and Internal Affairs, Defendants–Appellees.**

**Nos. 94–15518, 94–15526.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 1995.*

Decided June 26, 1995.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Sanford Jay Rosen, Rosen, Bien & Asaro, San Francisco, CA, for plaintiff-appellant.

James M. Humes, Deputy Atty. Gen., San Francisco, CA, for appellees-amicus Marshall, et al.; Matthew D. Davis, Deputy City Atty., San Francisco, CA, for defendants-appellees Hennessey, et al.

Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.

GOODWIN, Circuit Judge:

James Stehouwer and Steve Olivares submitted to the district court unrelated pro se

civil rights complaints under 42 U.S.C. § 1983. Both moved the court for permission to proceed in forma pauperis, without prepayment of filing fees, under 28 U.S.C. § 1915(a) which permits a district court to waive the customary $120 filing fee upon a finding that the plaintiff is unable to pay. In a joint order, the district court found that both plaintiffs were unable to pay the entire fee, but each could pay a partial fee. The district court accordingly ordered each plaintiff to pay a partial filing fee tailored to his financial circumstances. When the plaintiffs failed to pay the partial fees set by the court, the district court dismissed the complaints without prejudice. Olivares and Stehouwer appeal these final judgments of the district court.

I. The Authority of the District Court to Set Partial Fees

■ Appellants' chief contention is that while 28 U.S.C. § 1915 permits district courts to require full fees or to waive all fees, it does not grant district courts the authority to require a partial filing fee. We take this opportunity to make the apparent explicit: Courts have discretion to impose partial filing fees under the in forma pauperis statute.

■ Our decision in *Alexander v. Carson Adult High School,* 9 F.3d 1448 (9th Cir. 1993) settled the matter. In that case, we held that "[w]e review a district court's decision to impose a partial filing fee pursuant to the in forma pauperis statute, 28 U.S.C. § 1915, for an abuse of discretion." *Id.* at 1449. We went on to articulate factors that a court may consider in determining the ability of an in forma pauperis plaintiff to pay a partial filing fee. *Id.* This decision necessarily recognized a district court's power to require partial fees. Courts do not articulate standards of review and tests for the exercise of discretion that the law prohibits.

■ Although it is not axiomatic, the greater power to waive all fees includes the lesser power to set partial fees. Requiring the payment of fees according to a plaintiff's ability to pay serves the in forma pauperis statute's goal of granting equal access to the courts regardless of economic status. At the same time, requiring a partial payment within a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.

To date, at least nine of our sister circuits have ruled on this issue, and all have concluded that imposing partial filing fees is an appropriate exercise of authority under 28 U.S.C. § 1915. *See, In re Stump,* 449 F.2d 1297, 1298 (1st Cir.1971); *In re Epps,* 888 F.2d 964, 967 (2d Cir.1989); *Bullock v. Suomela,* 710 F.2d 102, 103 (3d Cir.1983); *Evans v. Croom,* 650 F.2d 521, 522–25 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982); *Smith v. Martinez,* 706 F.2d 572, 574 (5th Cir.1983); *Clark v. Ocean Brand Tuna,* 974 F.2d 48, 50 (6th Cir.1992); *Bryan v. Johnson,* 821 F.2d 455, 458 (7th Cir.1987); *In re Williamson,* 786 F.2d 1336, 1339–41 (8th Cir.1986); and *Collier v. Tatum,* 722 F.2d 653, 655 (11th Cir.1983).

II. The Propriety of the Partial Fees Imposed

With the authority of the district court to set partial fees settled, we now turn to the propriety of the partial fees imposed in these particular cases.

■ Stehouwer, who was a prisoner at the time he moved to proceed in forma pauperis, qualified as a pauper. After reviewing Stehouwer's affidavit and financial records and holding a show cause hearing, the district court found that Stehouwer earned about $14.61 a month, had a balance of $14.61 in his prison trust fund account, and received $110 dollars from family members in the six month period preceding the submission of his complaint. The district court imposed a filing fee of $20.00 payable in two installments over a period of 90 days. On these facts, the first installment would leave Stehouwer $4.61 for the next month's commissary shopping and the second installment would leave him another $4.61. After the appeal was commenced but before it was submitted, Stehouwer was paroled and filed an affidavit to the

effect that he was unemployed, ill, living off the kindness of his relatives and from selling his clothing. Requiring him to pay even $20.00 in two installments is troublesome. Two other circuits have examined this problem and have suggested that the filing fee, while discretionary, should not take the prisoner's last dollar. *See In re Epps,* 888 F.2d 964 (2d Cir.1989); *Bullock v. Suomela,* 710 F.2d 102 (3rd Cir.1983). We agree, and vacate the dismissal of Stehouwer's action and remand for the district court to review his present economic situation and fit a fee to the economic facts if Stehouwer is still interested in pursuing his claim.

 Turning to the imposition of a $30.00 filing fee in the Olivares case, no abuse of discretion is revealed in this record. It is undisputed that in the six months preceding the submission of his complaint, Olivares received $310.00 from his family. Moreover, throughout the contest over fees in the district court, Olivares had sufficient funds in his prison trust fund account to cover the partial fee. Olivares consistently withdrew $35 a month, more than the partial filing fee required, for such items as name brand toiletries instead of the generic toiletries furnished by the prison, crackers, potato chips, corn chips, cookies, and candy. The district judge was entitled to consider Olivares's own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary, when the court determined the size of the partial filing fee. *Alexander,* 9 F.3d at 1449. "If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." *Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir.1987).

Contrary to the protest of the appellants, our decision here does not establish a rule that plaintiffs must be utterly penniless in order to qualify for a complete waiver of fees. We merely hold that on the facts here, the district court neither abused its broad discretion in setting the amount of the fees imposed in Olivares' case nor in following the weight of authority from this and other jurisdictions in setting a reduced fee in each case.

■ Finally, appellants argue that a finding of frivolousness in addition to nonpayment of a filing fee is required to dismiss an indigent's lawsuit, under 28 U.S.C. § 1915(d) and our decision in *Franklin v. Murphy,* 745 F.2d 1221 (9th Cir.1984). We disagree. Dismissal for failure to file a partial fee and dismissal because the suit is frivolous are alternative grounds. *Franklin* limits sua sponte dismissals for frivolousness "[w]here the plaintiff *has paid* the filing fees." *Franklin,* 745 F.2d at 1226 (emphasis added). In this case, we are dealing with the authority of the district court to moderate a filing fee requirement without regard to the merits of the claim, in order to take jurisdiction of the increasing flow of prisoner civil rights cases and then to determine under standard rules of pleading and procedure whether or not the claim has merit.

Affirmed in part, vacated in part, and remanded. Appellant Stehouwer to recover costs on appeal.