William C. LONGBEHN, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 98–3388.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 18, 1999.

Decided March 10, 1999.

William C. Longbehn, Federal Correctional Institution, Oxford, WI, Petitioner–Appellant.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

William C. Longbehn was convicted in 1988 of several drug-related offenses and sentenced to 60 years' imprisonment, with the proviso that he would not be eligible for parole for 20 years. See *United States v. Longbehn*, 898 F.2d 635 (8th Cir.1990). In 1998, while imprisoned at the Federal Correctional Institution in Oxford, Wisconsin, he filed in the Western District of Wisconsin a petition nominally under 28 U.S.C. § 2241. Believing that Longbehn was challenging the handling of his application for parole, the district court directed him to commence partial payments of the filing fee under 28 U.S.C. § 1915(b), as amended by the Prison Litigation Reform Act. See *Newlin v. Helman*, 123 F.3d 429, 437–38 (7th Cir.1997), and *Thurman v. Gramley*, 97 F.3d 185, 187

(7th Cir.1996), which hold that the PLRA applies to § 2241 actions other than those that contest a conviction or sentence.

■ After looking at Longbehn's petition more closely, the district judge recognized that it is not properly a § 2241 action with the Parole Commission as respondent. For what Longbehn wants the judge to do is annul the portion of his sentence prohibiting parole until 20 years have been served. Such a challenge belongs in the sentencing court under 28 U.S.C. § 2255—in this case, the District of Minnesota. The statutory escape hatch for cases in which § 2255 is "ineffective" to challenge the judgment or sentence (§ 2255 ¶ 5) does not assist Longbehn, for he could have raised his current contention on direct appeal or in a collateral attack on the sentence. See *In re Davenport*, 147 F.3d 605 (7th Cir.1998). Longbehn is engaged in jurisdiction-shopping, because the law of the seventh circuit differs from that of the eighth. Compare *Rothgeb v. United States*, 789 F.2d 647, 651–52 (8th Cir.1986) (former 18 U.S.C. § 4205(b)(1) permitted district judges to postpone parole eligibility past the tenth year of a sentence), with *United States v. Fountain*, 840 F.2d 509, 517–23 (7th Cir.1988) (§ 4205(b)(1) permitted only acceleration of parole eligibility). Longbehn not only filed and lost a § 2255 motion in the sentencing court but also waged and lost a second collateral attack in which he blamed his lawyer for not raising the *Rothgeb–Fountain* issue earlier. See *Longbehn v. United States*, 46 F.3d 1136, 1995 WL 35697, 1995 U.S.App. Lexis 1857 (8th Cir. Feb. 1, 1995). The district court therefore dismissed Longbehn's petition.

■ After recognizing Longbehn's petition for what it is—a successive collateral attack on the sentence (which leads us to identify the United States in the caption as the proper respondent)—the district court applied the formula in § 1915(b)(1) to set a partial filing fee as a condition of proceeding *in forma pauperis* on appeal. The court recognized that, having classified the action as a challenge to the sentence rather than to the action of the Parole Commission, *Newlin, Thurman,* and *Martin v. United States*, 96 F.3d 853 (7th Cir.1996), require a conclusion that the PLRA simply does not apply. *Longbehn v. Reno*, 27 F.Supp.2d 1162, 1164 (W.D.Wis.1998). But under § 1915 as it stood before the PLRA, district judges often concluded that some litigants were able to pay part, though not all, of the filing fee. See *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257 (7th Cir.1987). Partial-payment requirements remain appropriate even when the PLRA does not apply— perhaps because the plaintiff is not a prisoner, perhaps because suit is not a "civil action" and therefore is outside the PLRA even when the litigant is a prisoner. Judge Crabb noted that her pre-PLRA practice had been to excuse any prepayment when the prisoner's account contained less than $200, a practice that in retrospect did not seem sound to the judge, for some fees are small (the filing fee for a collateral attack is only $5) and many accounts are held below $200 because the prisoner quickly spends money on personal items in order to avoid paying debts. *Id.* at 1165. But the statutory formula for a downpayment under the PLRA—the greater of 20% of the prisoner's current balance, or 20% of the average monthly deposits for the preceding six months—seemed to Judge Crabb a reasonable accommodation of the interests involved in selecting a partial fee. Judge Crabb therefore adopted the PLRA's formula as a matter of discretion for setting a partial fee when the PLRA does not apply of its own force. *Id.* at 1165–66. She directed Longbehn to pay $45.38 toward the $105 appellate filing and docketing fees if he wished to proceed *in forma pauperis* on appeal.

Judge Crabb's exercise of discretion is sound, and we commend her approach to other district judges. Because the PLRA does not apply to cases such as this, the rest of its mechanism—such as the collection of the remaining fee by periodic payments from prison accounts under § 1915(b)(2), and the three-strikes exclusion in § 1915(g)—does not come into play. But every litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible. All that permission to proceed *in forma pauperis* has ever meant is that the fees need not be *pre*-paid. *Lucien v. DeTella*, 141 F.3d 773 (7th Cir.1998); *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir.1996); cf. *McGill v. Faulkner*, 18 F.3d 456 (7th Cir.1994). Put-

ting 20% of one's available balance (or average monthly income) toward this legal obligation is not an undue burden on filing a suit or taking an appeal.

■ Longbehn has paid the sum the district court assessed and is entitled to prosecute the appeal *in forma pauperis*. But his appeal is substantively frivolous. The district court saw through Longbehn's stratagem: this is a third collateral attack on his sentence. Only the United States Court of Appeals for the Eighth Circuit may authorize additional collateral litigation concerning Longbehn's conviction or sentence. 28 U.S.C. §§ 2244, 2255 ¶ 8; *Valona v. United States*, 138 F.3d 693 (7th Cir.1998). The district court therefore properly dismissed his petition.

Affirmed.