**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 16, 2009

No. 08-40814
Summary Calendar

Charles R. Fulbruge III
Clerk

DANIEL GARZA,

                              Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                              Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Corpus Christi

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Daniel Garza, *pro se*, a Texas prisoner, appeals an order of the district court which granted leave to appeal *in forma pauperis* (IFP) the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus, but required him to pay the $455 appellate filing fee in accordance with the terms of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b). We VACATE the collection order and direct the clerk of the court to refund to Garza any funds paid in accordance with that order.

I.

In August 1999, Garza pleaded guilty to capital murder, driving while intoxicated, and burglary of a habitation. He is currently serving a life sentence in a Texas prison. Garza filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in September 2006. His application for leave to proceed IFP was denied and he paid the district court's filing fee of five dollars. *See* 28 U.S.C. § 1914(a). The district court dismissed the habeas petition on the ground that it was time-barred.

Garza filed a notice of appeal and an application for leave to proceed IFP on appeal. The magistrate judge granted leave to proceed IFP.[1] The magistrate judge stated that Garza's IFP application reflected that, while he could not afford to prepay the $455 appellate filing fee, he could pay the fee in installments without undue hardship. The magistrate judge acknowledged that Garza's appeal is not governed by the PLRA, but stated that there is no prohibition against collection of the appellate filing fee in installments where an inmate has the ability to pay the fee without undue hardship. Accordingly, the magistrate judge assessed an initial partial filing fee of $10.11 and provided that the balance of $444.89 is to be paid in periodic installments as required by 28 U.S.C. § 1915(b)(2) (part of the PLRA). Specifically, the prison was directed to forward to the Clerk of the district court twenty percent of each deposit made to Garza's inmate account, whenever the balance in that account exceeded ten dollars. *See* 28 U.S.C. § 1915(b)(2).

Garza filed timely written objections to the magistrate judge's collection order and asked for *de novo* review of the order by the district court. Before the district court had ruled on his objections, Garza filed a motion to alter or amend the collection order, purportedly pursuant to Federal Rule of Civil Procedure

---

[1] This court denied Garza's application for a certificate of appealability on June 18, 2008.

60(b). Because the district court had not ruled on Garza's objections to the collection order, the magistrate judge recommended that Garza's motion to alter or amend be treated as supplemental objections, and that all of the objections be denied. The magistrate judge stated that the collection order did not impose fees pursuant to the PLRA; instead, the fee was imposed because the court has discretion to collect the filing fee if the petitioner would not suffer undue hardship. The district court adopted the magistrate judge's recommendation. Garza filed a timely notice of appeal.

## II.

Garza argues that because the PLRA does not apply to § 2254 habeas cases, there is no authority for requiring him to pay the appellate filing fee in installments pursuant to the provisions of the PLRA. The State contends that, regardless of whether payment of the appellate filing fee in installments is authorized by statute in a habeas case, the district court possessed the inherent authority to order Garza to pay the fee over time.

In *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997), this court held that the PLRA and its requirement of filing fees do not apply in a § 2254 habeas proceeding. *See also Hall v. Cain*, 216 F.3d 518, 521 (5th Cir. 2000). Although the magistrate judge cited provisions of the PLRA for the initial filing fee and installment payments, the order explicitly denies that it is requiring payment of fees pursuant to the PLRA. Instead, the order states that it is within the court's discretion to order payment of fees when it does not impose undue hardship on a petitioner. The magistrate judge cited no authority for that proposition, and we do not find any authority that authorizes a district court to grant leave to proceed *in forma pauperis* in a § 2254 case, and yet require payment of appellate filing fees pursuant to the provisions of the PLRA.

The IFP statute, 28 U.S.C. § 1915, provides that a court may authorize an appeal "without prepayment of fees or security therefor, by a person who

submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Further, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Rule 24 of the Federal Rules of Appellate Procedure, governing IFP appeals, provides that if the district court grants a motion for leave to proceed IFP on appeal, "the party may proceed on appeal *without prepaying or giving security for fees and costs, unless a statute provides otherwise.*" (Emphasis added.) The only statute that authorizes payment of an initial partial filing fee, with the remainder in installments, is the PLRA, and it does not apply in § 2254 appeals. *See Hall*, 216 F.3d at 521. The language of Rule 24 is explicit: if leave to proceed IFP is granted, the party may appeal without paying appellate fees and costs, unless *a statute* provides otherwise. There is no statute that authorizes a court to grant leave to proceed IFP in a § 2254 habeas appeal and yet require payment of the appellate filing fee in installments pursuant to the terms of the PLRA. Accordingly, the district court did not have either the discretion or the inherent power to require Garza to pay an appellate filing fee in accordance with the terms of the PLRA.

The collection order of the district court is VACATED, and the clerk of the court is directed to refund to Garza any money that he has already paid pursuant to that order. *See Hall*, 216 F.3d at 521.

VACATED.