# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1136

KELLY S. THOMAS,

*Petitioner-Appellant*,

*v.*

DUSHAN ZATECKY, Superintendent,
Pendleton Correctional Facility,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:12-cv-807-SEB-DML—**Sarah Evans Barker**, *Judge*.

SUBMITTED FEBRUARY 19, 2013—DECIDED MARCH 13, 2013

Before EASTERBROOK, *Chief Judge*, and BAUER and
SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Kelly Thomas was sen-
tenced to 65 years' imprisonment for murder. Indiana's
judiciary affirmed his conviction on appeal and rejected
his collateral attack. *Thomas v. State*, 965 N.E.2d 70
(Ind. App. 2012). A federal district judge denied
Thomas's petition for a writ of habeas corpus under

28 U.S.C. §2254, and he filed a notice of appeal. The judge declined to issue a certificate of appealability, see 28 U.S.C. §2253(c), and certified that the appeal had been taken in bad faith. See 28 U.S.C. §1915(a)(3). Thus Thomas must pay the $455 appellate fees, before any substantive step can be taken on appeal, unless he persuades this court to permit him to proceed *in forma pauperis*.

Thomas has filed a motion asking us to disregard the district court's certification of bad faith. He contends that prisoners simply need not pay appellate filing and docketing fees. Many appellate courts—including this one—have held that the Prison Litigation Reform Act of 1996 (PLRA), which substantially revised §1915 and other sections, does not apply to collateral proceedings under 28 U.S.C. §§ 2241, 2254, or 2255. See *Martin v. United States*, 96 F.3d 853, 855–56 (7th Cir. 1996); *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000). It follows, Thomas contends, that payment of appellate fees is unnecessary, making the district court's certification irrelevant.

This argument rests on the mistaken premise that appellate fees have their genesis in the PLRA. They do not. They are authorized by 28 U.S.C. §1913, which long predates the PLRA. Section 1913, which was enacted in 1891, provides: "The fees and costs to be charged and collected in each court of appeals shall be prescribed from time to time by the Judicial Conference of the United States. Such fees and costs shall be reasonable and uniform in all the circuits." The schedule currently in

force sets filing and docketing fees aggregating $455 for all civil suits, including proceedings under §§ 2241, 2254, and 2255. Every appellant owes these fees and must prepay them or obtain permission to litigate without prepayment—that is to say, *in forma pauperis*. A litigant who proceeds *in forma pauperis* still owes the fees. If he wins, the fees are shifted to the adversary as part of costs; if he loses, the fees are payable like any other debt.

Section 1915, like §1913, predates the PLRA. If we were to deem *all* of §1915 inapplicable to collateral attacks on criminal judgments, just because several of its subsections were rewritten by the PLRA, then there would be no basis for excusing prepayment of the fees and prisoners would be worse off. For it is §1915(a)(1) that supplies judges' authority to allow litigation to proceed without prepayment of the fees required by §1913 and other statutes, such as 28 U.S.C. §§ 1912, 1914, 1917, 1920, and 1921. When saying in *Martin* that the PLRA does not apply to collateral attacks on criminal judgments, we meant that the features added to §1915 by the PLRA do not apply. There are two of note.

First, §1915(a)(2) and (b) require courts to assess partial filing fees payable from prison trust accounts, and to ensure that the entire fees eventually are collected from those trust accounts. (The fee for filing a collateral attack in district court is only $5, which Thomas paid. This appeal does not present the question whether a district court has discretion to order collection of the $5 fee, or a portion of the appellate fees, in installments from a prison trust account. See *Longbehn v. United States*, 169

F.3d 1082, 1083 (7th Cir. 1999) ("under §1915 as it stood before the PLRA, district judges often concluded that some litigants were able to pay part, though not all, of the filing fee").)

Second, §1915(g) provides that a person who has brought three or more frivolous suits or appeals loses the privilege of litigating *in forma pauperis* unless he can establish that he is in physical danger. *Martin* observed that §1915(g) is a mismatch for collateral proceedings. Continued imprisonment differs from physical hazard. Nothing in the text or background of the PLRA suggests that it is designed to prevent prisoners who have filed frivolous civil suits for damages from pursuing serious challenges to the judgments holding them in confinement.

*Walker* was a bit more precise than *Martin*. What *Walker* holds (among other things) is that a collateral attack under §2241 or §2254 is not a "civil action" for the purpose of §1915. Some subsections of that statute establish special rules for "civil actions." Sections 1915(a)(2), (b), and (g) deal with "civil actions." But §1915 as a whole covers many additional categories of litigation. Section 1915(a)(1) begins by announcing that the statute—and hence the possibility of litigating *in forma pauperis*—applies to "any suit, action or proceeding, civil or criminal, or appeal therein". Section 1915(a)(3) speaks to this broader category, not just to "civil actions." When a district court grants permission under §1915(a)(1) to litigate *in forma pauperis*, that permission carries over to the appeal unless the district court itself revokes the permission after deciding the merits.

Section 1915(a)(3) says: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." We do not see any reason why that provision should not apply to collateral proceedings, in common with all of the other litigation to which §1915(a)(1) refers.

To sum up: The portions of §1915 and §1915A applicable exclusively to prisoners' civil actions do not apply to collateral attacks on criminal judgments. But the portions of §1915 that apply generally are as relevant to collateral litigation as to other suits and appeals. Section 1915(a)(3) is one of those generally applicable provisions.

We therefore deny Thomas's request that we permit him, and all other applicants for collateral relief, to file appeals without regard to the fees required by §1913 and the resolutions of the Judicial Conference. Thomas is, however, entitled to contest in this court the propriety of the district judge's declaration that the appeal has been taken in bad faith—a phrase that despite lay usage has been understood to mean objective frivolousness. See *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). A frivolous appeal never meets the standard for a certificate of appealability. But an appeal can be non-frivolous and still flunk the standard established by §2253(c)(2), which conditions a certificate of appealability on "a substantial showing of the denial of a constitutional right."

Thomas has filed a document captioned "Petition for Leave to File and Proceed on Appeal In Forma

Pauperis", but it does not attempt to demonstrate that the appeal is non-frivolous, let alone that a constitutional issue is "substantial." We give him 21 days to file in this court a motion for permission to proceed *in forma pauperis* (which depends on demonstrating that he cannot pay the fees and that the appeal is not frivolous) and a certificate of appealability (which depends on "a substantial showing of the denial of a constitutional right"). Failure to meet this schedule will lead us to dismiss the appeal for failure to prosecute.