**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAY HYMAS, DBA Dosmen Farms, | No. 20-35733 |
| *Plaintiff-Appellant*, | D.C. No. 4:20-cv-05036-SMJ |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR, | OPINION |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted June 8, 2023
Seattle, Washington

Filed July 12, 2023

Before: Michael Daly Hawkins, Carlos T. Bea, and Daniel
A. Bress, Circuit Judges.

Opinion by Judge Bea

# SUMMARY[*]

## Filing Fees

The panel affirmed the district court's decision ordering pro se plaintiff Jay Hymas to pay a partial filing fee in his civil action against the U.S. Department of the Interior.

Plaintiff, an unemployed non-prisoner with approximately $1,000 in cash, filed an application to proceed *in forma pauperis* (IFP), i.e., without repaying filing fees or costs, under 28 U.S.C. § 1915(a)(1). The district court granted Plaintiff's application in part and ordered him to pay a partial filing fee of $100.

An order denying an IFP application is immediately appealable as a final order under 28 U.S.C. § 1291, but Plaintiff's application was not denied altogether. The panel held that the same rationale for allowing an immediate appeal of an order denying an IFP application altogether applied in this case: if Plaintiff did not pay the partial fee, there was nothing for the district court to do but dismiss the action.

The panel held that district courts have the authority to impose partial filing fees on non-prisoner civil litigators under 28 U.S.C. § 1915(a)(1). The panel rejected Plaintiff's argument that the holding in *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (courts have the discretion to impose partial filing fees under the IFP statute), was limited to IFP applications brought by prisoners. The panel also

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

rejected Plaintiff's argument that the Prison Litigation Reform Act superseded the holding in *Olivares*. The fact that the statute dictates how the initial portion of a prisoner's full fee is to be calculated does not shed any light on the authority of the court to impose partial filing fees on non-prisoners.

The panel next held that, based on Plaintiff's own representations in the IFP application, the district court's determination that a $100 filing fee was fair and appropriate was not implausible, illogical, or unsupported by the record.

## COUNSEL

Douglas A. Smith (argued) and Maximillian W. Hirsch (argued), Mayer Brown LLP, Los Angeles, California, for Plaintiff-Appellant.

Molly Smith (argued), Tyler H. L. Tornabene, and John T. Drake, Assistant United States Attorneys; Vanessa R. Waldref, United States Attorney; Office of the United States Attorney, Spokane, Washington; for Defendant-Appellee.

# OPINION

BEA, Circuit Judge:

Plaintiff Jay Hymas appeals the district court's decision ordering him to pay a $100 partial filing fee in his civil action. Plaintiff, an unemployed non-prisoner with approximately $1,000 in cash, filed a pro se complaint against the United States Department of Interior (DOI) asserting violations of federal contracting law and financial assistance law.[1] Ordinarily, the fee for filing this civil action would be $402: a $350 filing fee and a $52 administrative fee. Plaintiff filed an application to proceed *in forma pauperis* (IFP), i.e., without prepaying fees or costs, under 28 U.S.C. § 1915(a)(1). A magistrate judge granted Plaintiff's application in part and ordered Plaintiff to pay a partial filing fee totaling $100. Plaintiff moved for reconsideration. The magistrate judge issued a report and recommendation, which recommended denying the motion to reconsider. The district court adopted the report and recommendation and ordered Plaintiff to pay the $100 partial filing fee within fourteen days. Plaintiff appealed. On appeal, Plaintiff argues that district courts may either make a plaintiff pay the full fee or waive the fee entirely but may not impose a *partial* fee.

---

[1] Though the precise nature of Plaintiff's gripe is unclear from the complaint, he appears to take issue with DOI's process for leasing farming land and DOI's failure to provide notice of opportunities for farming and financial assistance.

## I.  Jurisdiction[2]

An order denying an IFP application is immediately appealable as a final order under 28 U.S.C. § 1291. *Roberts v. U.S. Dist. Ct. for N. Dist. of Cal.*, 339 U.S. 844, 845 (1950); *Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir. 1988). Here, Plaintiff's IFP application was granted in part, rather than denied altogether. But, as in a case where the IFP application is denied altogether, Plaintiff's case could not proceed unless and until the fee were paid. The same rationale for allowing an immediate appeal of an order denying an IFP application altogether applies in this case: if Plaintiff did not pay the fee, there was nothing for the district court to do but dismiss the action. The only difference between this case and those in which the IFP application is denied altogether is the amount of the fee. Because the amount of the fee has no bearing on jurisdiction, we see no reason to distinguish between a full filing fee and a partial filing fee in this context. We therefore hold that we have jurisdiction under 28 U.S.C. § 1291 to review the district court's order granting in part Plaintiff's IFP application and imposing a partial filing fee. The district court in this case has yet to order a formal order of dismissal, but the absence of that order does not deprive us of jurisdiction when it is clear that Plaintiff has no intention of paying the partial filing fee. *See United States v. One 1986 Ford Pickup*, 56 F.3d 1181, 1184 (9th Cir. 1995) ("[T]he finality requirement is to be given 'a practical rather than a technical construction.'"

---

[2] Although neither party disputes that the court has jurisdiction over this appeal, the court has an independent duty to determine its proper jurisdiction. *In re Martinez*, 721 F.2d 262, 264 (9th Cir. 1983).

(quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981))).

## II. District Courts Have the Authority to Set Partial Filing Fees

Plaintiff argues that a district court may either make a plaintiff pay the full fee or waive the fee entirely but may not impose a *partial* fee. Whether a district court can order a non-prisoner litigant to pay a partial filing fee is a question of law, which we review de novo. *See Pierce v. Underwood*, 487 U.S. 552, 558 (1988).

In *Olivares v. Marshall*, this court explained that "the greater power to waive all fees includes the lesser power to set partial fees," and held that "[c]ourts have discretion to impose partial filing fees under the in forma pauperis statute." 59 F.3d 109, 111 (9th Cir. 1995). The court further reasoned that partial filing fees serve the goals of the IFP statute: allowing "equal access to the courts regardless of economic status," minimizing judicial costs, and "screening out frivolous claims." *Id.* Contrary to Plaintiff's assertions otherwise, *Olivares* governs this case.

First, we reject Plaintiff's argument that the holding in *Olivares* is limited to IFP applications brought by prisoners. Although the present version of the IFP statute distinguishes between prisoners and non-prisoners,[3] the prior version of

---

[3] The present version of the IFP statute, in effect at the time of Plaintiff's filing, provides:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or

the statute, in effect at the time *Olivares* was decided, made no such distinction.[4] The relevant portion of the *Olivares*

> proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> …
>
> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> …

28 U.S.C. § 1915. As we have previously recognized, and as Plaintiff concedes, § 1915(a)(1) "applies to all persons notwithstanding its 'prisoner possesses' language." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

[4] The previous version of the IFP statute provided:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal

opinion (four short paragraphs) does not contain any reference to prisoners or non-prisoners. Nor does the reasoning in the opinion rely on an IFP applicant's status as a prisoner or non-prisoner but rather on the general principle that "the greater power to waive all fees includes the lesser power to set partial fees." *Id.* at 111. Thus, although the two plaintiffs in *Olivares* were prisoners when they applied for IFP status, *see id.* at 111–12, nothing in the opinion itself limits its holding to IFP applications brought by prisoners.

Second, we reject Plaintiff's argument that the Prison Litigation Reform Act (PLRA) superseded the holding in *Olivares*. The previous version of the IFP statute granted courts the authority to waive fees for any person "unable to pay." 28 U.S.C. § 1915(a) (1979). Under the previous version of the statute, every circuit to consider the issue held that district courts could impose partial filing fees on civil plaintiffs. *See Samarripa v. Ormond*, 917 F.3d 515, 518 (6th Cir. 2019) (collecting cases). The PLRA amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, notwithstanding the carve-out for *prisoners*, the portion of the IFP statute authorizing courts to waive fees for persons "unable to pay" remains largely

---

therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(a) (1979).

unchanged from the previous version.[5] The PLRA therefore did not alter the courts' discretion regarding filing fees as to *non*-prisoners.

Plaintiff asserts that "the PLRA is instructive for what it does not do," in that it expressly authorizes an initial partial filing fee for prisoners but does not expressly authorize a partial filing fee as to non-prisoners. This argument ignores the structure of the statute. The statute expressly requires prisoners to pay "the full amount of a filing fee" and provides a structured timeline for collecting this fee: the "initial partial filing fee" is to be calculated based on "the average monthly deposits to the prisoner's account" or "the average monthly balance in the prisoner's account" over a 6-month

---

[5] In relevant part, the previous version of the statute provided:

> *Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor*, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

28 U.S.C. § 1915(a) (1979) (emphasis added). The current version of the statute provides:

> Subject to subsection (b) [the carve-out for prisoners], *any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor*, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

*to* 28 U.S.C. § 1915(a)(1) (emphasis added).

term; the remainder of the fee is to be paid in "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(1)–(2). The fact that the statute dictates how the initial portion of a prisoner's full fee is to be calculated does not shed any light on the authority of the court to impose partial filing fees on non-prisoners. If anything, "Congress's limit of discretion in this one area, while leaving § 1915(a)(1) substantially the same, suggests no alteration to the court's discretion to require partial prepayment in other cases under § 1915(a)(1)." *Samarripa*, 917 F.3d at 518.

Accordingly, we hold that *Olivares* controls, so district courts have the authority to impose partial filing fees on non-prisoner civil litigants under 28 U.S.C. § 1915(a)(1).

## III. The District Court Did Not Abuse its Discretion in Setting a $100 Partial Filing Fee

We review the district court's imposition of a partial filing fee under 28 U.S.C. § 1915(a)(1) for abuse of discretion. *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993). "A district court abuses its discretion when it applies the wrong legal standard or when its findings of fact or its application of law to fact are 'illogical, implausible, or without support in inferences that may be drawn from the record.'" *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

District courts have broad discretion in deciding whether a filing fee is "fair and appropriate in a particular case," though this discretion "is not unbridled." *Alexander*, 9 F.3d at 1449 (citation omitted). For example, district courts do not have "discretion to deprive litigants of their last dollar." *Id.* (citing *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989)). "When

determining the ability of an in forma pauperis plaintiff to pay a partial filing fee, the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Id.* The amount of payment should serve the IFP statute's "goal of granting equal access to the courts regardless of economic status" while also "serv[ing] the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims." *Olivares*, 59 F.3d at 111.

In the operative IFP application, Plaintiff represented that he was unemployed and had no income. Plaintiff represented that he had $1,033 in cash and the following assets: "One vehicle valued at about $6,000 and another valued at about $1,200. Books, computer, storage of food and fuel, clothing, house furnishings, farming-gardening tools and supplies, etc." Plaintiff explained that he is self-sufficient and has a practice of keeping a year-long supply of food, housing supplies, fuel, and clothing. He estimated that the value of his monthly expenses is approximately $730 per month, but this estimate "represents the 'value' and not money actually spent," as Plaintiff was relying on stores on hand. He explained that his stores of meat and food are replaced through gardening, which he performs on a 2.5-acre piece of land provided by a friend. Plaintiff did not report any debts or financial obligations.

Plaintiff argues that it was an abuse of discretion for the district court to impose *any* fee given that Plaintiff had no income and did not report spending any money on nonessentials. Plaintiff asserts: "No litigant should have to choose between justice or spending [his] last dollar, especially if that litigant has no active income to speak of." But Plaintiff was not presented with such a choice here—the partial filing fee of $100 did not represent Plaintiff's "last

dollar," but rather 10% of Plaintiff's cash. And, although Plaintiff had no income, Plaintiff did not demonstrate that he needed cash to cover monthly expenses. Rather, Plaintiff was living off of stores of food, clothing, and fuel. Accordingly, Plaintiff was not forced "to choose between food and filing this lawsuit seeking to vindicate his rights."

Based on Plaintiff's own representations in the IFP application, the district court's determination that a $100 filing fee was fair and appropriate was not implausible, illogical, or unsupported by the record. *Hinkson*, 585 F.3d at 1262. Thus, the district court did not abuse its discretion.

**AFFIRMED.**