NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY JOSEPH NELSON,

Plaintiff-Appellant,

v.

BENJAMIN FRAHS, CPL., ISCC; et al.,

Defendants-Appellees.

No. 22-35661

D.C. No. 1:22-cv-00068-BLW

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted March 27, 2024**
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Gregory Joseph Nelson appeals pro se from the district court's dismissal of

his 42 U.S.C. § 1983 action, which the district court entered after it denied

Nelson's application to proceed in forma pauperis ("IFP") and Nelson did not pay

the filing fee. The district court then denied Nelson's motion for relief from

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal for failure to pay the filing fee, *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002), and denial of a motion for relief from judgment, *Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010).[1] We affirm the denial of IFP status but reverse the dismissal.

1. The district court did not abuse its discretion in denying Nelson's application to proceed in forma pauperis and requiring him to pay the $402 filing fee upfront. "District courts have broad discretion in deciding whether a filing fee is fair and appropriate in a particular case." *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quotation marks omitted). The district court based its decision on Nelson's representation that he had more than $1,700 in his prison trust account and its conclusion that "most, if not all, of Plaintiff's basic needs are paid for by the State." Nelson argues that the money in his account came largely from pandemic stimulus payments, but we are not aware of any authority that prohibits district courts from considering stimulus payments when assessing whether a plaintiff has the ability to pay the filing fee. And even accepting that

---

[1] Nelson styled his motion as a Rule 60(b) motion, which the district court construed as a Rule 59(e) motion because it was filed within 28 days of the judgment. *See Banister v. Davis*, 140 S. Ct. 1698, 1710 n.9 (2020). Our decision would be the same either way. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) ("A denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and neither will be reversed absent an abuse of discretion.").

Nelson must pay for items from commissary and for phone calls, he did not show that imposing a fee would deprive him of his "last dollar" or make him forego the necessities of life. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (reversing where court imposed $20 filing fee that would leave prisoner $4.61 for commissary but affirming where court imposed $30 filing fee on prisoner who had received $310 from his family in the six months prior); *Taylor*, 281 F.3d at 849 ("Because prisoners are in the custody of the state and accordingly have the 'essentials of life' provided by the government, an indigent prisoner would not ordinarily be required to make the choice between his lawsuit and the necessities of life in the same manner that a non-prisoner would." (citations omitted)); *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (distinguishing in the IFP context prisoners who "have limited overhead" from a non-incarcerated plaintiff "who must pay for the roof over her head and the food on her table or go without shelter and sustenance").[2]

Nelson also argues that the district court failed to follow 28 U.S.C. § 1915(b)(1) by requiring payment of the full filing fee rather than 20% of the greater of his average monthly deposits or average monthly balance for the six

---

[2] Nelson cites a district court order stating that prisons do not provide all basic necessities. *See Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1039 (N.D. Cal. 2020). In addition to being non-binding and based on the particular evidence before that court, *Scholl* does not speak to whether Nelson has shown he "is unable to pay" the filing fee under 28 U.S.C. § 1915(a)(1) in this case.

3

months before filing. But Nelson misconstrues the IFP statute. The provision he cites applies to a prisoner who has been *granted* IFP status. In other words, if the prisoner lacks the funds to pay the fee at the time of filing, the statute provides for assessment and subsequent collection of the fees as funds become available. Here, the district court's conclusion that Nelson had the funds to pay the filing fee upfront was not an abuse of discretion.

2. The district court did, however, abuse its discretion in dismissing Nelson's case and denying his motion for relief from judgment. A dismissal for failure to pay a filing fee is construed as a dismissal for failure to prosecute or to comply with court orders under Rule 41(b). *Taylor*, 281 F.3d at 846. We have explained that dismissal under Rule 41(b) "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Lal*, 610 F.3d at 525 (quoting *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)). Such circumstances did not exist here.

First, although Nelson had not yet paid the full filing fee, he had filed a timely motion for reconsideration of the IFP denial and was awaiting a decision. Nelson did not have an opportunity to pay the filing fee after the motion was denied because the case was dismissed in the same order. *See Franklin v. Murphy*, 745 F.2d 1221, 1233 (9th Cir. 1984) (reversing dismissals for abuse of discretion where plaintiff was not sufficiently warned). Second, although the district court

4

dismissed without prejudice, refiling would not help Nelson because the statute of limitations has now passed. Nelson raised this statute of limitations problem in his motion for relief from judgment, but there is no indication that the district court considered it. *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2016) (describing plaintiffs' inability to refile because the statute of limitations had run as "the ultimate prejudice of being forever barred from pursuing their claims"). Dismissal for failure to pay the fee was not yet warranted given Nelson's pro se status, the fact that a motion for reconsideration was pending, and the harsh consequence of the statute of limitations running. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (describing the factors courts must consider in dismissing under Rule 41(b), including "the availability of less drastic alternatives").

On remand, Nelson must be allowed an opportunity to pay the filing fee or to reapply for IFP status if his financial circumstances have materially changed. Should he do so, the original complaint will again become operative.

**AFFIRMED IN PART, DISMISSAL REVERSED and REMANDED.**